UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **LEON WALKER, JR., et al.** | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:15-cv-01254-CDP** |
| | ) | |
| **RONALD E VAUGHAN, et al.** | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**DEFENDANTS RONALD VAUGHAN, HERSHELL WALLACE AND
CITY OF ST. LOUIS' STATEMENT OF UNCONTROVERTED MATERIAL FACTS**

COMES NOW Defendants Ronald Vaughan ("Vaughan"), Hershell Wallace ("Wallace")

and City of St. Louis ("City"), by and through counsel, and for their Statement of

Uncontroverted Material Facts in Support of their Motion for Summary Judgment, state as

follows:

1.  The parties have agreed and stipulated that the following exhibits are true and accurate

    copies of the documents they purport to be: Defendant's Ex. A (Search Warrant)/

    Plaintiff's Ex. 5; Defendant's Ex. B (Vaughan Affidavit)/Plaintiff's Ex. 1; Defendant's

    Ex. C (Incident Report) / Plaintiff's Ex. 3; Defendant's Ex. I (Millbrooks' Consent to

    Inspect Form)/Plaintiff's Ex. 8; Defendant's Ex J (Project 87 Policy)/ Plaintiff's Ex. 12.

2.  On March 5, 2014 Plaintiffs Leon Walker, Wanda Millbrook, Correll Millbrook, and

    Victor Millbrooks, Jr. ("Plaintiffs") were residents of 5406 Geraldine Ave. in the City of

    St. Louis, Missouri.  Ex. E (Testimony of Wanda Millbrook), p. 5:11 - p. 6:25; Ex. F

    (Testimony of Correll Millbrook), p. 6: 13-14; p. 6:24- p. 7:1; Ex. G, (Testimony of

    Victor Millbrooks Jr.), p. 5:2-10; Ex. H (Testimony of Leon Walker), p. 6:24 - p. 7:6.

3.  On March 5, 2014, a City police SWAT team and Detective Ronald Vaughan executed a search warrant at 5406 Geraldine.  Ex. A (Search Warrant), p. 5; Ex. D (Testimony of Vaughan), p. 75:7 – p. 83:7.

4.  The day before, on March 4, 2014, Vaughan had appeared in-person before the Honorable Theresa Counts-Burke, circuit judge for the 22nd Judicial Circuit of the State of Missouri, and presented an Affidavit in Support of a Search Warrant for 5406 Geraldine.  Ex. B (Vaughan Affidavit); Ex. D, p. 13:19 – p. 18:4.

5.  In his affidavit, Vaughan attested to his personal belief that heroin, illegal firearms, U.S. currency, drug transaction records, narcotics paraphernalia, and "records linking the target to the residence/crime" were being kept at 5406 Geraldine.  Ex. B, p. 1.

6.  Vaughan formed the belief that heroin, cocaine and weapons would be found in 5406 Geraldine based on information provided to him by a confidential informant (hereinafter referred to as the "CI") and also by information he acquired by performing surveillance on 5406 Geraldine as a trained law enforcement officer.  Ex. B, pp. 2-3; Ex. D, p. 7:5-23; p. 19:3-5; p. 20: 8-23; p. 24:20 – p. 26:25; p. 36:7-15; p. 44:6-23; p. 50:16-24.

7.  Prior to seeking the search warrant, Vaughan had spoken face to face with the CI multiple times about illegal activities at 5406 Geraldine (Ex. D, p. 20, ln. 8-11, 19-23), and the CI told Vaughan that he or she had been inside 5406 Geraldine multiple times in the preceding two-month period and, during each visit, had observed a large quantity of heroin, crack cocaine, and multiple fire arms, including long guns and pistols, stored there. Ex. B, pp. 2-3; Ex. D, p. 24:20 - p. 26:25.

8.  Vaughan had used this CI "a lot" (Ex. D p. 22:20-25), and the CI had been used in more than ten previous narcotics and/or weapons investigations in which search warrants were successfully executed. Ex B, p. 4; Ex. D, p. 50:16-24.

9.  The CI had never given Vaughan incorrect information.  Ex. D, p. 24:1-2.

10. The CI told Vaughan that two men, who go by the street names "Mark" and "Roscoe," were present at 5604 Geraldine and both possessed heroin, crack cocaine and firearms there.  Ex. B, p. 2; Ex. D, p. 27:7-12, p. 48:12 – p. 49:11.

11. The CI also provided physical descriptions of "Mark" and "Roscoe" (Ex. B, p. 3; Ex. D, p. 34:7-17), and a man named Darron Ford who lives at nearby 5412 Geraldine matched the CI's description of "Mark."  Ex. B, p. 3: Ex. D, p. 35:14-23.

12. Earlier that year, the City Police had executed a search warrant at nearby 5412 Geraldine and seized crack cocaine and a firearm from Darron Ford.   Ex. M (Testimony of James Kenny), p. 24:15 - p. 26:9; Ex. D, p. 141:24 – p. 142:2.

13. Vaughan and Detective Michael Kegel also conducted surveillance of 5406 Geraldine on March 3 and 4, 2014 for two, two-hour periods prior to seeking a search warrant for that address. Ex. B, p. 3; Ex. D, p. 19:3-5; p. 36:7-15; Ex. L (Testimony of Michael Kegel), p. 9:4-9; p. 24:1 – p. 25:25.

14. During each surveillance period, they observed approximately 10 individuals coming to and going from 5406 Geraldine, and these individuals would stay only a brief period.  Ex. B, p. 3; Ex. D, p. 44:1-23.

15. Vaughan and Detective Kegel also observed a subject matching the description of the person the CI identified as "Roscoe" in the rear yard of 5406 Geraldine. Ex. B, p. 3; Ex. D, p. 91:19 - p. 92:5; Ex. L, p. 27:2-17.

16. On March 4, 2014 Vaughan spoke with the CI who indicated that he or she had again been in 5406 Geraldine during the previous 24-48 hour period and had again observed a large quantity of heroin, as well as crack cocaine and handguns inside.  Ex. B, p. 3-4; Ex. D, p. 48:9 - p. 49:13.  The CI also said "Mark" and "Roscoe" and multiple other gang members were in 5406 Geraldine, and each had heroin and crack cocaine packaged for sale.  *Id*.

17. The Hon. Theresa Counts-Burke issued the warrant for 5406 Geraldine on March 4, 2014.  Ex. A; Ex. D, p. 12:9 - p. 14:9; p. 14:25 – p. 15:1.

18. On March 5, 2014, City Police executed the search warrant signed by Judge Counts-Burke at 5406 Geraldine.  Ex. A; Ex. C (Incident Report); Ex. D, p. 91:12-18.

19. Wanda Millbrook, Correll Millbrook, and Victor Millbrooks were home at 5406 Geraldine when the SWAT team made entry and during Vaughan's search.  Ex. E (Testimony of Wanda Millbrook), p. 11:21 - p. 12:17; Ex. F (Testimony of Correll Millbrook), p. 10:18 - p. 13: 10; Ex. G (Testimony of Victor Millbrooks Jr.), p. 9:17 - p. 10:14.

20. Leon Walker was not present during SWAT's entry or the execution of the search warrant.  Ex. H (Testimony of Leon Walker), p. 14:22 - p. 15:3.

21. After the SWAT team made entry into 5406 Geraldine, secured the premises, and handcuffed and moved the three Plaintiffs to the front room, Detective Vaughan, who has no SWAT training, entered the house.  Ex. D, p. 9:17 - p. 10:25; p. 65:7-8; p. 75: 7- p. 76:20; p. 99:21 - p. 100:8; Ex. E, p. 12:18 -24; Ex. F, p. 16:7-17; Ex G, p. 10:16-21.

22. The Plaintiffs were handcuffed for no more than an hour and a half during the execution of the search warrant.  Ex. F, p. 24:19 - p. 25:4; Ex. G. p. 17:19-21.

23. Vaughan and officers' search of 5406 Geraldine yielded marijuana, drug paraphernalia and three firearms. Ex. C (Incident Report), pp. 5-8; Ex. D, p. 80:8 – p. 82:3; Ex. B, p. 5: Ex. M, p. 50:21 – p. 51:16.

24. After the search, City Building Inspector Wallace came to 5406 Geraldine at Vaughan's request to perform a building code inspection pursuant to the City's Project 87 program. Ex. K (Testimony of Wallace), p. 11: 23 – p. 12:12; p. 40:7 - p. 41:3; Ex. D, p. 118:19 - p. 119:25.

25. The City's Project 87 program provides for building inspections of nuisance and problem properties, and the program had been in existence since the mid-1990s.  Ex. J (Project 87 Policy); Ex. K, p. 19:3 – p. 21:12; Ex. M, p. 18:7-12; Ex. N (City Ordinance 63695) § PM-105.10 (providing the City's authority for Project 87).

26. In March of 2014 Wallace had been involved with the Project 87 program for approximately 14 years. Ex. K, p. 11:18-20.

27. Each time prior to conducting a Project 87 inspection, Wallace presents the occupant with a "Building Division Consent to Interior Inspection" form ("Inspection Consent Form") and asks for the occupant's consent and signature before inspecting the property.  Ex. I (Inspection Consent Form); Ex. K, p. 21:18 - p. 22:6.

28. Wallace believes that City inspectors "have to have the people's permission to inspect their property."  Ex. K, p. 10:3-7; p. 21:18 - p. 22:10.

29. If the owner or occupant refuses to permit a Project 87 inspection of a building, Wallace has the authority pursuant to City Ordinance 68791 to condemn the  property.  Ex. O, § 104.6; Ex. K, p. 10:17-25.

30. When Wallace arrived at 5406 Geraldine, he presented Victor Millbrooks Jr. with a City Inspection Consent Form, asked him to sign it, and explained that the property could be condemned until an inspection could be obtained.  Ex. I; Ex. G, p. 13:4 - p. 14:13; Ex. K, p. 42:15 – p. 43:12.

31. Millbrooks signed the Inspection Consent Form.  Ex. G, p. 13:22 - p. 14:13; Ex. K, p. 43:2-12.

32. Prior to signing the Inspection Consent Form, Millbrooks was never threatened with arrest or threatened in any way.  Ex. G, p. 14:24 – p. 15:16; Ex. K, p. 43:2-12; p. 31:12 – p. 32:2.

33. Millbrooks was born on November 5, 1984 and was 29 years old on March 5, 2014. Ex. G, p. 5:6-7.

34. As of August 2016, Millbrooks had lived at 5406 Geraldine for more than 20 years. Ex. G, p. 5:2-10.

<div style="margin-left:50%">

Respectfully submitted,

MICHAEL A. GARVIN
CITY COUNSELOR

By: /s/ Erin K. McGowan
    Thomas R. McDonnell #38336MO
    Erin K. McGowan #64020MO
    1200 Market Street, Room 314
    St. Louis, Mo  63103
    (314) 622-3361
    (314) 622-4956 fax
    mcdonnellt@stlouis-mo.gov
    McGowanE@stlouis-mo.gov

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify this Statement of Uncontroverted Material Facts was electronically filed with the Court on this 16th day of September 2016 for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Erin K. McGowan