UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEON WALKER, JR., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:15 CV 1254 CDP |
| ) | |
| ST. LOUIS, MISSOURI, ) | |
| CITY OF, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs seek leave to amend their complaint with updated facts and a new theory of liability. Plaintiffs filed their motion some ten months after the deadline for amending pleadings set out in the Case Management Order, and four days after both parties had filed motions for summary judgment.

This case is brought under 42 U.S.C. § 1983 and alleges violations of plaintiffs' constitutional rights as a result of a search conducted of their home pursuant to a search warrant. Plaintiffs' motion seeks to dramatically change the theory of the case. Although plaintiffs make many allegations of wrongdoing, their current pleadings allege that the violations all began when the police, in reckless disregard of their rights, obtained a search warrant for and searched the wrong house. In the proposed second amended complaint, plaintiffs seek to change the theory to allege that the police intentionally deceived the judge who

issued the search warrant. It is far too late for such a radical change in theory, especially when plaintiffs have known for many months that defendants contended they did not make any mistake in seeking the warrant for plaintiffs' home.

Plaintiffs filed this case in state court on June of 2015 and filed a first amended petition a few weeks later. Defendants timely removed the case to federal court. A Case Management Order was issued on September 22, 2015, following a Rule 16 scheduling conference. The Case Management Order established a deadline for amending pleadings of November 3, 2015. After some disputes had delayed completion of discovery, I amended the Case Management Order on July 1, 2016, to extend the time to complete discovery and the time to file dispositive motions. Plaintiffs did not at that time mention any need to amend their pleadings.

Both parties filed motions for summary judgment on September 16, 2016, the date set by the amended Case Management Order. Four days later, plaintiffs filed the motion before me now, for leave to file a second amended complaint.

Under Rule 15(a), Fed. R. Civ. P., "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Under Rule 16(b), where a scheduling order has been entered "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s good cause

standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of 15(a)." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (citing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id*. (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).

Plaintiffs essentially admit that they were not diligent in seeking this amendment. The motion to amend says that when counsel read defendants' motion for summary judgment he realized that he should have amended his complaint when he learned new facts in discovery. Defendants' opposition to the motion argues that plaintiffs had in their possession the documents forming the basis for their new theory at least since February 12, 2016, or seven months before the dispositive motions deadline. At the latest, the factual basis of the plaintiffs' new theory was discussed at the deposition of Detective Vaughn held on June 27, 2016, or two and a half months before the dispositive motions deadline. Plaintiffs actually sought amendments to the schedule only three days after Detective Vaughn's deposition, yet even then they only sought extensions of discovery and dispositive motions; they did not seek leave to amend the complaint.

Plaintiffs argue that even though they should have sought leave to amend earlier, defendants knew or should have known they were developing a new theory

of intentional misconduct. But the plaintiffs are the ones who brought this case, and they are the ones who know or should have known what their own pleadings alleged. It is unfair to wait until after the opposing party has filed for summary judgment to seek to change legal theories. Plaintiffs propose several things that they say would cure any prejudice to defendants, but those proposals are insufficient, and in any event, they ignore the good cause standard that applies in this situation.

Plaintiffs' reply brief says that they "will likely have to seek leave to dismiss the entire case under Fed. R. Civ. P. 41 and refile" if I deny the motion to amend. At this stage of the case Rule 41 would require either a court order or a stipulation from defendants to allow plaintiff to dismiss the case without prejudice. If plaintiffs do choose to file a motion to dismiss, all parties should understand that the court is unlikely to grant an opposed motion. In this order I am extending somewhat the deadlines for responding to the pending motions for summary judgment, but those deadlines will not be extended further because of any additional motions that plaintiff might file.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to file a second amended complaint [#32] is denied.

**IT IS FURTHER ORDERED** that both parties deadline for filing opposition to the pending motions for summary judgment is extended to **October18, 2016** and their deadlines for filing reply briefs is extended to **October 26, 2016.** These deadlines will not be further extended.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of October, 2016.