**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **LEON WALKER, JR., et al.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cv-01254-CDP |
| ) | |
| **RONALD E VAUGHAN, et al.** ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO SEAL DOCUMENT 25-10

COMES NOW Defendants Ronald Vaughan, Hershell Wallace, and City of St. Louis ("City"), and pursuant to Local Rule 83 – 13.05, requests that this Court enter an order sealing Document 25-10, which was previously filed in this case by Plaintiffs. In support of this motion defendant states as follows:

1. On September 16, 2016, Plaintiffs filed Document 25-10 as an exhibit accompanying Plaintiff's Statement of Facts in Support of their Motion for Summary Judgment.

2. Doc. 25-10 is a set of four spreadsheets created by the City of St. Louis Police Department. (Doc. 25-10 is herein referred to as the "Spreadsheets"). These Spreadsheets document the number of search warrants executed by City SWAT teams during the period September 1, 2013 through August 29, 2016 and detail the target location, the district, the date/day of the week, the time of day, and the duration of the execution for each search warrant executed during that period.

3. Recently, Plaintiffs' counsel has asserted, in the context of a Response Memorandum, that it is his "intention to draw the public's attention to the

1

spreadsheet." Doc. 43, p. 3.  Plaintiffs' counsel further asserts that "the information sought to be released here is already in the public record because it is in the Plaintiffs' Motion for Summary Judgment documents."  Doc. 43, p. 3.

4. Defendants object to and oppose any efforts by Plaintiffs' counsel to "draw the public's attention to the spreadsheet" given that these records are closed under the Sunshine Law and therefore are protected under the Consent Protective Order entered by the parties. See Doc. 8, p. 1, #1(d) and Mo. Rev. Stat. § 610.100.3.

5. Further, the public release of the Spreadsheets could potentially jeopardize ongoing criminal investigations and reveal SWAT's techniques and procedures for performing search warrant executions.

6. Mo. Rev. Stat. § 610.100.3 of the Missouri Sunshine Law provides that:

> Except as provided in subsections 4, 5, 6 and 7 of this section, if any portion of a record or document of a law enforcement officer or agency, other than an arrest report, which would otherwise be open, contains information that is reasonably likely to … jeopardize a criminal investigation, including records … which would disclose techniques, procedures or guidelines for law enforcement investigations or prosecutions, that portion of the record shall be closed and shall be redacted from any record made available pursuant to this chapter.

7. Taken together, the information within the Spreadsheets reveals patterns as to when and how City SWAT executes search warrants, including the duration of the searches and the days of the week and specific times when the warrants are

2

executed, and thereby discloses SWAT's techniques and procedures for executing search warrants.

8. These Spreadsheets are also subject to the parties' Consent Protective Order. Doc. 8, p.1.  For that additional reason, Plaintiffs' counsel is limited to using Doc. 25-10 for "the purpose of reasonable pursuit of the litigation, and for no other purpose," and may not disclose the materials to the public at large.  Doc. 8.  This issue is already fully briefed in detail in Defendants' Motion for Protective Order Designating Certain Records as Confidential and Subject to the Parties' Consent Protective Order (Doc. 37) and Defendants' Reply in Support of its Motion For a Protective Order to Designate Certain Records as Confidential (Doc. 48).  In support of this motion, Defendants incorporate by reference all the arguments contained in Doc. 37 and Doc. 48.

Wherefore Defendants respectfully request that this Court enter an order retroactively sealing Doc. 25-10 pursuant to Local Rule 83 – 13.05 because this document is a closed record under the Missouri Sunshine Law and also because the public release of this information by Plaintiffs' counsel could jeopardize current and future narcotics and weapons investigations by the City Police Department.

      Respectfully submitted,

      MICHAEL A. GARVIN
      CITY COUNSELOR

By: /s/ Erin K. McGowan
    Thomas R. McDonnell #38336MO
    Erin K. McGowan #64020MO
    1200 Market Street, Room 314
    St. Louis, Mo  63103

3

(314) 622-3361
(314) 622-4956 fax
mcdonnellt@stlouis-mo.gov
McGowanE@stlouis-mo.gov

## **CERTIFICATE OF SERVICE**

I hereby certify this Motion was electronically filed with the Court on this 27th day of October 2016 for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Erin K. McGowan